# UNITED STATES DISTRICT COURT

**Northeastern Division–District of North Dakota**

# ORDER OF DETENTION PENDING TRIAL

(Local Form 12/05 lrh)

**United States of America vs. William Michael LeBow  Case No. 2:05-cr-47**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of defendant pending trial in this case.

## PART I–FINDINGS OF FACT

☐ **Alternative A –** Both of the following facts are present:
  ☐ (1)   There is probable cause to believe that defendant has committed an offense
    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq.
    ☐ under 18 U.S.C. § 924(c), § 956(a), or § 2332b.

  ☐ (2)   Defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community.

X **Alternative B –** One or both of the following facts are present:
  X (1)   There is a serious risk that defendant will not appear.

  ☐ (2)   There is a serious risk that defendant will endanger the safety of another person or the community.

☐ **Alternative C –** One of the following facts is present:
  ☐ (1)   Defendant does not contest detention at this time.

  ☐ (2)   Defendant is ineligible for release at this time.

## PART II–WRITTEN STATEMENT OF REASONS FOR DETENTION

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that

William LeBow is a citizen of both Canada and the United States, and resides in Canada. His mother, who also holds dual citizenship and is also a resident of Canada, testified at the detention hearing, and testified that she is willing to post her interest in a home in Utah to secure her son's release.

Because the charge he is facing in this Court is related to another charge Mr. LeBow is currently facing in Canada, Article 4(1)(I) of an extradition treaty between the United States and Canada appears to foreclose extradition from Canada to the United States in the event Mr. LeBow were released to Canada and did not return to the United States for trial. That factor significantly lessens Mr. LeBow's incentives to return for trial in the event he were released to return to Canada, leading to a serious risk that he would not appear for trial. This Court concludes there is no current condition or combination of conditions which would reasonably assure his appearance at future proceedings, if Mr. LeBow were released to return to Canada.

## PART III—DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 24th day of July, 2006

*Alice R. Senechal*
Alice R. Senechal
U.S. Magistrate Judge